IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02892-PAB

CHOICE INVESTMENT MANAGEMENT, LLC, a Colorado limited liability company,

    Petitioner,

v.

ATEA-BROOKLINE, LLC, a Delaware limited liability company, and
ATEA-BROOKLINE MANAGER, LLC, a Delaware limited liability company

    Respondents.

---

**ORDER**

---

The Court takes up this matter *sua sponte* on petitioner's Petition to Vacate Arbitration Award [Docket No. 1]. Petitioner Choice Investment Management, LLC ("Choice Investment") asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 7.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Choice Investment asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 3, ¶ 7.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the parties' citizenship are not well-pled.

The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of

diversity, federal courts must include all the entities' members."). The petition alleges that Choice Investment is "a Colorado-formed entity that . . . did business and maintained its registered investment advisor first in the State of Colorado and later in the State of Florida." Docket No. 1 at 2, ¶ 3. This allegation does not identify Choice Investment's members and their citizenship. Accordingly, the Court is unable to determine Choice Investment's citizenship.

The petition's allegations regarding respondents are similarly deficient. The petition describes both Atea-Brookline, LLC and Atea-Brookline Manager, LLC as Delaware limited liability companies, but it does not identify the companies' members and their citizenship. Docket No. 1 at 2-3, ¶¶ 4-5. The Court is therefore unable to determine the defendants' citizenship at the time.

Because the allegations regarding the parties' citizenship are not well-pled, the Court is unable to determine whether it has jurisdiction. *See Corp. v. Chuska Dev. Corp.,* 55 F.3d 1491, 1495 ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **November 21, 2022**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED November 7, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

3